# Emilio Stallani *v.* The Belt Automobile Indemnity Association, Appellant.

*Insurance—Automobiles—Theft—Construction of policy.*

A policy of insurance provided for protection against fire and theft, and the clauses insuring against other contingencies were marked void. To make a slight change in the coverage on theft a rider was added in substitution of the theft provisions of the policy form. The rider specified that it was "subject to all other provisions and conditions of this policy."

In an action to recover the value of a stolen automobile, the provisions of the rider supersede the general provisions of the policy, where the latter are inconsistent with the rider.

Argued November 19, 1924. Appeal, No. 322, Oct. T., 1923, by defendants, from judgment of C. P. Delaware Co., Sept. T., 1922, No. 189, on verdict for plaintiff in the case of Emilio Stallani v. The Belt Automobile Indemnity Association. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on insurance policy. Before JOHNSON, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule and entered judgment for the plaintiff in the sum of $1,106.50. Defendant appealed.

*Error assigned* was the order of the court.

*Howard E. Hannum,* and with him *D. Malcolm Hodge,* for appellant.—The contract must be considered in its entirety: Snyder v. Groff, 8 District Reports 291; Lancaster Fire Insurance v. Lenheim, 89 Pa. 497; Gerz v. American Relief Assn., 16 D. R. 248; Braddock v. Manhattan Mutual Life Ins. Co., 16 D. R. 127.

*John M. Broomall,* for appellee.—The provisions in the rider were binding. Where a policy of insurance contains two conflicting clauses that are open to two different constructions it is to be construed most strongly in favor of the insured: Bingell v. Royal Insurance Company, Ltd., 240 Pa. 412; Vincent v. Pelican Mutual Life Insurance Company, 26 D. R. at page 874; Lambert v. Security Fire Insurance Co., 58 Pa. Superior Ct. 624;

Humphreys v. Benefit Association, 139 Pa. 264; Frick v. United Fireman's Insurance Company, 218 Pa. 409.

OPINION BY LINN, J., February 27, 1925:

This appeal from judgment for want of a sufficient affidavit of defense in a suit on a policy insuring against theft of an automobile, depends on the construction of the contract. Insurance against fire and theft was desired and the parties executed a policy-form containing provisions for insurance against other contingencies as well, stamping as "void" the provisions presumably unrelated to fire and theft; to make a slight change in the theft coverage, they added a rider in substitution for the theft provisions of the policy-form. The rider specified that it was "subject to all the other provisions and conditions of this policy."

The automobile was stolen. Due notice was given, and the car not being recovered, defendant claimed the right to replace the car with one like it, or, if plaintiff declined that, to pay the value of such a car at the time of theft. This value was averred to be $700. Plaintiff refused the proposal, contending that by the contract the amount payable was $1,106.50.

The theft provisions in the policy-form and in the rider are the same, except that the rider omits that "each claim on account of theft, robbery or pilferage. . . . . . shall be adjusted separately and from the amount of each such claim, when determined, if the loss or damage incurred is partial only, there should be deducted the sum of $25, and the association shall be liable for the loss in excess of that amount only, but if the loss or damage incurred is total, this deduction shall not be made." The apparent purpose of the rider then was to eliminate that provision of the policy-form from the contract of the parties.

The rider provides (as did the original form) "if the property stolen shall not be found within such period, [not now material] it shall be paid for as a total loss

and in that event, if it, or any part of it, be subsequently found and recovered, it shall become the property of the association......" Plaintiff claims under that provision for a total loss. The rider also provides (as did the original form) : "The maximum amount of insurance allowed shall be determined according to the following scale:......On an automobile on which the association allows a special amount of insurance, [the amount here was $1,340] the policy shall carry an automatic monthly depreciation of 2½% of the face of the policy from the date the insurance takes effect,......"The amount claimed by plaintiff and for which judgment was entered was calculated under that provision.

Defendant contends that as the rider was "subject to all other conditions of this policy," it is not bound to pay under the foregoing provisions, but may act under a general provision in the policy as follows: "Liability of Association. D. The Association shall not be liable beyond the actual cash value of the property destroyed or damaged as of the time of destruction, loss or damage; and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deductions for depreciation, however caused, and in no event shall exceed what it would then cost to repair or replace the same with material or parts of like kind and quality;......" "It shall be optional, however, with the Association to repair, rebuild or replace said automobile with like kind and quality......but there shall be no abandonment to the Association of the said automobile." It seems obvious that this provision has no relation to theft of the car; it covers "property destroyed or damaged"; the class of "property damaged or destroyed" is not enlarged to include property stolen by the use of the word "replace" in providing an option "to repair, rebuild or replace." It doubtless related to other items of insurance specified in the policy-form.

We all agree that the provisions on which plaintiff relies are controlling. They are not in conflict with the

Opinion of the Court.   [85 Pa. Superior Ct.

clauses on which defendant relies, rightly understood; but if they were, those general clauses would have to give way to these specific provisions on the subject pursuant to the general rule taking doubtful provisions in insurance policies against the insurer and in favor of the insured.

Judgment affirmed.