## Thompson v. Citizens Casualty Co., Appellant.

Argued December 12, 1927.

Before PORTER, P. J., HEND-ERSON, TREXLER, KELLER, LINN, GAWTHROP and CUN-NINGHAM, JJ.

*Joseph A. Gilligan,* for appellant.

*Lionel Teller Schlesinger,* for appellee.

OPINION BY PORTER, P. J., July 12, 1928:

The defendant, on April 16, 1923, issued to the plaintiff a policy whereby it agreed to pay to him the sum of ten dollars per week for total disability resulting from sickness or accidental injury. The plaintiff paid the premiums on this policy regularly as they accrued until, during and some time after his total disability for fourteen weeks, beginning November 27, 1925 and continuing until about March 1, 1926. The fact that the policy was in full force during the period of plaintiff's disability was not disputed at the trial. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

It was admitted in the pleadings and at the trial, that final proofs of loss, upon blanks provided by the defendant, were filled out and furnished to the defendant on March 3, 1926. The insurance company alleged only two grounds of defense, viz.: (1) That the disability of the plaintiff resulted from chronic disease, and that under the terms of the policy, the defendant was not liable for disability so resulting. (2) That under the conditions of the policy "no action at law or in equity could be maintained to recover under the

policy when a claim was rejected, unless begun within thirty days from the mailing or other notice of such rejection.'' The defendant presented no evidence whatever at the trial, and the learned judge of the court below was called upon to submit the case to the jury upon the evidence produced by the plaintiff. The plaintiff called as a witness the physician who had attended him during his illness, who testified specifically that the disease from which the disability arose was not chronic, and that was the only evidence in the case relating to the company's first ground of defense above stated. There being no evidence in the case that the disease was of a chronic nature, it would have been error to submit that question to the jury, and the first ground of defense was eliminated.

The condition of the policy upon which the second ground of defense was supposed to be based was peculiar, and if given the construction contended for by the defendant would involve covenants that were flatly contradictory, the entire sentence in which that condition was embraced being as follows: ''No action at law or in equity shall be maintained to recover hereunder until after two months from the date of filing final proofs at the home office ...... nor if claim is rejected, unless begun within thirty days from the date of mailing, or other notice of such rejection.'' If the construction of these covenants contended for by the appellant is correct, then the company, as soon as final proofs were filed could reject the claim and the insured would be required to bring his action within thirty days of such rejection, but this he could not do without violating the first clause of the covenant which debarred him from any right of action until two months had expired after the filing of proofs of loss, with the result that an insured could never bring an action on the policy. The purpose of the policy was to indemnify the insured for loss resulting from total disability and if this section of the policy is capable of

a construction which would secure that result it must be given that construction, the preparation of the policy having been the work of the insurance company. The only reasonable construction of this paragraph of the policy which can avoid apparent absurdity is to hold that the insured cannot maintain an action until two months after the date of filing final proofs and that upon the expiration of that period, if the company then rejected the claim, the insured must bring his action within thirty days thereafter. This action was commenced on the day after the expiration of two months from the date of filing final proofs, and the second ground of defense is not well founded. It is not necessary in this case to decide whether the insurance company might by an absolute and prompt rejection of the claim waive the first covenant of the condition above quoted and thus give to the plaintiff the right to begin his action before the expiration of two months after the filing of final proofs, for this plaintiff did not bring his action until the two months had expired.

The judgment is affirmed.