KEHOE et al. v. AUTOMOBILE UNDER-WRITERS, Inc.

No. 3623.

District Court, M. D. Pennsylvania.
July 10, 1935.

Snyder, Hull, Hull & Leiby, of Harrisburg, Pa., for plaintiffs.

Caldwell, Fox & Stoner, of Harrisburg, Pa., for defendant.

WATSON, District Judge.

This is an affidavit of defense raising questions of law.

In plaintiff's statement of claim it is alleged, inter alia, that on August 3, 1933, the defendant caused to be issued to Joseph Walter a policy of insurance; that a correct photostatic copy of the policy is attached to the statement of claim; that the duration of the policy was for a period of one year commencing at noon on August 3, 1933, and ending at noon on August 3, 1934; that said policy insured said Joseph Walter, as well as members of his family, against liability for loss and expense within the limits of the policy resulting from claims upon him or them for damages caused by the use, ownership, or operation of a certain automobile described in the policy; that the consideration for the issuance of the policy was an application fee of $5.50 and an annual premium of $15.60, payable in two installments of $7.80 each; that said application fee was duly paid, and the first installment of the annual premium was paid defendant by Joseph Walter on October 16, 1933; that on October 14, 1933, Elizabeth Kehoe, one of the plaintiffs, while riding in said automobile owned by Joseph Walter, sustained certain injuries when said automobile came into collision with another automobile being operated upon the highway; that the plaintiffs here instituted an action against said Joseph Walter and Edward Walter in the court of common pleas of Hudson county, N. J., and recovered judgments in the total sum of $10,500; that executions on said judgments were returned unsatisfied, for which reason the plaintiffs claim the right to maintain this action to recover against the defendant in this case.

The defendant, in the affidavit of defense, raising questions of law, avers that the statement of claim is not sufficient in law to maintain the action, for the reason that plaintiffs' statement itself shows that there was no policy of insurance in force when the alleged liability arose.

The policy contains the following provisions:

"The term of the policy is twelve calendar months, beginning at noon on the 3rd day of August, 1933, and ending at noon on the 3rd day of August, 1934. Payment of total annual premium as herein provided may be made in two installments, first payment of $7.80 due October 3rd, 1933, second payment of $7.80 due February 3rd, 1934."

"2. There shall be no liability under this policy during any period in which the named Assured may be in default for the payment of any part of the premium as hereinbefore provided. On the payment of any premium past due for reinstatement of the policy, the term thereof shall not be extended nor deduction made for the lapsed period, but such portion of the premium, not exceeding that of thirty (30) days, shall be due at the Association as consideration for the reinstating of the policy. The acceptance of any past due premium shall not constitute a waiver of the provisions of this policy with respect to liability during any lapsed period. All payments of premium must be received at the Home Office on or before the due date to keep this policy continuously in force. Any installment of premium falling due on a Sunday or holiday must be paid on or before the preceding business day. Upon the occurrence of any loss covered hereunder, which occurs before the first premium is paid, said premium becomes automatically due and failure on the part of the Assured to pay said premium within ten (10) days after receiving written notification from the Attorney as to the amount of premium due, shall constitute a violation of the policy and there shall be no liability thereunder."

In the law of insurance the premium is the agreed price for assuming and carrying the risk; that is, the consideration paid an insurer for undertaking to indemnify the insured against a specified peril. The premium being the sum and the only sum received by the underwriter for carrying the risk, it is in fact the actual consideration by virtue of which the risk is assumed. The premium is of the very essence of the contract, or in other words, the premium paid by the assured and the peril assumed by the insurer are two correlatives inseparable from each other; it being their un-

ion which constitutes the essence of the contract. Consequently, payment of a premium by the insured is a condition precedent to or at least concurrent with the assuming of any liability by an insurance company.

The very foundation of the contract of insurance rests upon the principle of no liability for any loss not occurring during the continuance of the risk. Consequently it is essential to a ·valid contract of insurance that if the payment of the premium is made the condition precedent to the attachment of the risk, and the policy so provides, the premium must be received by the insurer on the due date. The nonperformance of this condition will automatically suspend liability.

An insured is charged with notice of the provisions of his policy in respect to forfeiture thereof for nonpayment of premiums. If a policy of insurance provides, as in this case, that the premium or installment thereof shall be paid on or before a stipulated due date, or the policy shall be forfeited as void and the company be released from all liability, time then becomes the very essence of the contract, and a failure to pay as agreed terminates the contract.

Since the contract of insurance in this case expressly provided that the first installment of the premium become due October 3, 1933, and this first installment was not paid by Joseph Walter, the insured, until October 16, 1933, the policy was in a lapsed condition and no liability thereunder attached on October 14, 1933, the date of the accident.

"Failure of the insured to make payments due upon his automobile collision insurance forfeits his rights to protection, where it is so provided by the policy, and no act or declaration of forfeiture is necessary on the part of the insurer." Cooper v. Belt Automobile Indemnity Association, 79 Pa. Super. Ct. 479.

The plaintiff contends that the clause relating to the payment of the first premium clearly permits the ·payment of this premium any time within ten days of notification, and is an exception to the general provision of the policy requiring payment· of premiums on the date when due to avoid termination of the insurer's liability, and. that the use of the phraseology in the· clause relating to loss prior to the pay-. ment of the first premium, when·read with the other provision of the policy, creates an ambiguity. With this contention, I cannot agree.

It is, of course, essential that paragraph 2 be analyzed and construed as a whole. It is not permissible to lift one sentence from the remainder and try to attach a particular meaning to that sentence standing alone. Knickerbocker Trust Company v. Ryan, 227 Pa. 245, 75 A. 1073.

Reading paragraph 2 as a whole, it can readily be ascertained what the parties intended.

I am of the opinion that, under the conditions of the policy, the nonpayment of the premium on October 3, 1933, caused a forfeiture of the right to protection under the policy, and liability thereunder did not exist until the policy was reinstated by the defendant company. As the reinstatement was effected subsequent to the date of the alleged accident in this suit, no liability attached, and the defendant is relieved from liability under the terms of the policy.