Quigley, Appellant, *v.* Western and Southern Life Insurance Company.

Argued April 12, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*A. H. Rosenberg,* for appellant.

*D. C. Jennings,* for appellee, was not heard.

OPINION BY KELLER, P. J., June 27, 1939:

The defendant life insurance company issued two industrial life insurance policies, aggregating $710, on the life of Hugh Quigley, payable on the death of the insured to the plaintiff, as beneficiary.

Subsequently, without the payment of any additional premiums by the insured, the company enlarged its liability under the policies by a rider agreeing to pay, in circumstances not necessary to be recited here, an accidental death benefit equal to the face amount of the insurance, on receipt of due proof of death of the insured "as a result of bodily injuries caused directly, exclusively and independently of all other causes, by external violence and purely accidental means, ...... provided such death occurs within ninety days after the date of such injuries, and ...... Provided, however, that if the bodily injuries referred to above shall be sustained by the Insured while employed in or on the premises of any open pit or underground mine, or while on or about the premises or right of way of any railroad company, or while Insured is engaged as a watchman, gang, train or train roadway laborer, track walker, freight or mixed train brakeman or flagman, the Accidental Death Benefit herein provided for shall be only one half of the original face amount of insurance then payable as a Death Claim under the provisions of the Policy."

The insured died on April 5, 1937 and the beneficiary was promptly paid the face value of said life policies. Alleging, however, that the insured had been killed in an accident, the plaintiff made claim for an accidental death benefit equal to the face amount of the insurance, $710, and, on the refusal of the insurance company to pay the full amount of the same, brought this action in assumpsit.

To the plaintiff's statement of claim, alleging in substance the above facts, the defendant insurance company filed an affidavit of defense, in which it set up by way of new matter that the bodily injuries from which the insured had died on April 5, 1937, had been sustained by him on April 4, 1937, while on or about the premises or right of way of the Baltimore & Ohio Railroad Company near Etna, Pa., and that because of this fact the amount of accidental death benefit payable by reason of such accidental death was one-half the face amount of insurance payable as a death claim and not the full face of the said policies; and that after paying the plaintiff on May 10, 1937 the full amount of the insurance payable as an ordinary death claim, it had subsequently, to wit, on July 19, 1937, and before the bringing of this action, paid the balance due plaintiff because of the accidental death benefit,—that is, one-half of the face value of the life insurance payable, or $355—by check which was received and retained by plaintiff.

The plaintiff, although served with a copy of the affidavit of defense with a notice endorsed thereon requiring a reply to the new matter within fifteen days, (Act of April 22, 1929, P. L. 627, p. 628; *Haverford Twp. School Dist. v. Herzog,* 314 Pa. 161, 171 A. 455— See also County Court Rules, Section 14, Rule 6, p. 14 and Section 21, Rule 6, p. 16), filed no reply thereto, thus, in effect, admitting that the accidental bodily injuries which caused the insured's death had been sus-

tained by him while he was on or about the premises or right of way of the Baltimore & Ohio Railroad Company; and that a check of the insurance company had been received and retained by her, covering an accidental death benefit equal to one-half of the face value of the life insurance payable.

Defendant thereupon moved the court for judgment in its favor on the pleadings, for want of reply to new matter, (Act of 1929, supra, p. 628; County Court Rules, Sec. 21, Rule 6, p. 16), and counsel for both parties joined in putting the case down for argument. There was no dispute as to facts.

Following argument, the court entered judgment for the defendant. Plaintiff appealed. The judgment will be affirmed.

The proviso in the accidental death benefit rider cut the benefit in half if the bodily injuries resulting in death should be sustained by the insured in any of three separate conditions, or situations, each one of which was introduced by the conjunction, 'while,' to wit: (1) While employed in or on, the premises of any open pit or underground mine; or (2) while on or about the premises or right of way of any railroad company; or (3) while engaged as a watchman, gang, train, or train roadway laborer, track walker, freight or mixed train brakeman or flagman. The first and third clauses embrace fatal injuries sustained by the insured only while employed or engaged in certain hazardous occupations; the second is general and includes all fatal injuries sustained by the insured while he is on or about the premises or right of way of *any* railroad company, irrespective of his employment thereon.

The appellant's contention that the second clause must also be limited to injuries sustained by the insured while he is *employed* on or about the premises or right of way of a railroad company, would not only require the insertion by us of the word "employed" between

"while" and "on or about the premises or right of way of any railroad company," but also would render wholly useless and unnecessary the third clause, for "while Insured is *engaged* as a watchman, gang, train or train roadway laborer, track walker, freight or mixed train brakeman or flagman," would necessarily be included within "while *employed* on or about the premises or right of way of any railroad company."

We have no right to add anything to the insurance contract or to give it a construction that renders any part of it useless and unnecessary, if it can be reasonably construed just as written and without any change, addition or elimination.

There is no ambiguity whatever in the accidental death benefit rider. Construed just as written it is plain and free from doubt. Hence decisions as to the rules to be applied in construing ambiguous insurance contracts are not relevant here. The language of Mr. Justice SIMPSON, speaking for the Supreme Court in *Urian v. Scranton Life Insurance Co.,* 310 Pa. 144, 150, 165 A. 21, is most appropriate: "Many, if not most of the discrepant decisions arose by giving too great weight to the conclusion reached in other cases which are relied on, without noting the difference in the language of the policies. Others arose by giving undue weight to the rule, to which we adhere, that 'If doubt exists as to the meaning [of the language used in an insurance policy] it should be resolved in favor of the insured rather than in the interest of the insurer:' *Levinton v. Ohio Farmers Ins. Co.,* 267 Pa. 448. In a number of the cases elsewhere, the court created the 'doubt' by a species of argument which would not be tolerated in any other kind of contract, and then, having thus found the 'doubt,' resolved it 'in favor of the insured.' So far as we are concerned, a little further reading of our opinion last referred to, will disclose a rule which is paramount to the clause above quoted: Where 'language is clear and unambiguous [it] cannot

be construed to mean otherwise than what it says:' Ibid. 452. We have often said this (*Bole v. New Hampshire Fire Ins. Co.,* 159 Pa. 53; *Hesse v. Traveler's Ins. Co.,* 299 Pa. 125; *Foundation and Construction Co. v. Franklin Trust Co.,* 307 Pa. 10), and trust we shall continue to adhere to it, so long as our judicial system provides for an interpretation of contracts made by the litigants, and not to the making of contracts for them."

In voluntarily granting to the insured this additional insurance, the company had the right to impose the limitations which it did, and as they are clearly and unambiguously expressed, they govern the case.

Judgment affirmed.