**LUMBERMENS MUT. CAS. CO. v.
SUTCH et al.**

**No. 10604.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 7, 1952.

Filed May 21, 1952.

---

1. Hoffman v. Partridge, 84 U.S.App.D.C. 224, 172 F.2d 275.

Norman Paul Harvey, Philadelphia, Pa., for appellant.

Donald J. Farage, Philadelphia, Pa. (Richter, Lord & Farage, Philadelphia, Pa., B. Nathaniel Richter, Philadelphia, Pa., on the brief), for appellees.

Before KALODNER and HASTIE, Circuit Judges, and MODARELLI, District Judge.

KALODNER, Circuit Judge.

This is an action by an insurance company, under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for an adjudication of its liability under a policy of automobile insurance.

The facts giving rise to the appeal are as follows:

On January 20, 1948, the Lumbermens Mutual Casualty Company ("Lumbermens") issued a policy of automobile liability insurance to Laura V. Sutch. The policy contained a standard omnibus clause whereby the insurer bound itself, subject to certain stated exceptions, to provide the same coverage for anyone operating the car "with the permission of the named insurer" as it was bound to furnish the named insured.[1] Mrs. Sutch was 78 years old at the time the policy was issued, and incapable of driving; to enjoy the use of the car, she employed one Dorothy Scheer as companion-chauffeur. Attached to the pol-

---

1. The clause read in part as follows:

"The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. * * *"

icy was an endorsement which read as follows:

"It is hereby understood and agreed that the coverage under this policy will become Null and Void if the car is driven by Mrs. Laura V. Sutch.

"Car is operated by Dorothy Scheer, age 35, employed by insured and lives with insured."

On February 27, 1948, while Mrs. Sutch was out of town, Dorothy Scheer ("Scheer") drove the car to a friend's home where she spent the evening playing cards. Shortly before 2:30 A. M. the next morning she left the house in the company of two friends, William F. Hayden and Harriet Rehfeld, whom she had offered to drive home. While the car was being operated for this purpose it became involved in an accident, as a result of which the two passengers, Hayden and Rehfeld, were injured. Hayden and Rehfeld instituted suits in the Common Pleas Court of Philadelphia County against Scheer to recover damages for the injuries sustained in the accident. Scheer made demand upon Lumbermens to defend her in these two actions, whereupon Lumbermens brought the instant suit in the District Court for the Eastern District of Pennsylvania for an adjudication that it was not obligated to Scheer under the policy issued to Mrs. Sutch. Lumbermens named Mrs. Sutch, Scheer, Hayden and Rehfeld as defendants. In the court below the cause was submitted to a jury for a determination of the single factual issue as to whether at the time of the accident Scheer was operating the car "with the permission of the named insured", Mrs. Sutch. Lumbermens introduced in evidence a statement signed by Scheer five days after the accident, in which she said that prior to the accident she had not been using the car for her personal use, and that she took it on the evening of the accident without asking Mrs. Sutch. On the basis of this statement, and the testimony of the insurance adjuster who obtained it, the District Judge submitted the following interrogatory to the jury:

"At the time of the accident was Miss Scheer operating the car with the permission of Mrs. Sutch?"

The jury answered in the negative. Defendants then filed a motion for judgment on the whole record on the ground that, by virtue of the above endorsement, Scheer was the named insured on the policy, and hence coverage extended to her whether or not she had Mrs. Sutch's permission to drive. This motion was granted by the District Judge, who stated:

"The policy must be construed against the insurance company which wrote it. Every sentence in a contract is presumed to have been inserted for some purpose and it is also presumed that parties do not insert words in a contract intending that they shall have no effect whatever upon the rights and obligations created. Unless it was intended that Dorothy Scheer was to be insured when she drove the car, with or without Mrs. Sutch's permission, the * * * (endorsement) would be wholly without any legal effect. She, as well as any other person driving the car without the owner's permission, was excluded from the body of the policy. The only useful purpose the endorsement could have had was to make an exception in her case."

 We cannot agree with the conclusion of the learned District Judge that Scheer became the insured on the policy by virtue of the endorsement naming her as the one who drove the car.

The policy was written and countersigned at Philadelphia. Therefore, the law of Pennsylvania applied. Faron v. Penn Mutual Life Ins. Co., 3 Cir., 1949, 176 F.2d 290.

It is true that a typewritten endorsement must be given effect to the exclusion of any conflicting printed provision in the policy, Newman v. Massachusetts Bonding & Insurance Company, 1949, 361 Pa. 587, 65 A.2d 417; Morris v. American Liability & Surety Company, 1936, 322 Pa. 91, 185 A. 201; Stallani v. The Belt Automobile Indemnity Association, 1925, 85 Pa.Super. 224; that all ambiguities in a policy of insurance are resolved against the insurer as the party responsible therefor, Gnagey v. Pennsylvania Threshermen & Farmers' Casualty Insurance Co., 1938, 332 Pa. 193, 2

A.2d 740; Janney v. Scranton Life Insurance Company, 1934, 315 Pa. 200, 173 A. 819; Brams v. New York Life Insurance Co., 1930, 299 Pa. 11, 148 A. 855; and that every word in a policy of insurance must be given effect if at all possible, Quigley v. Western & Southern Life Insurance Company, 1939, 136 Pa.Super. 27, 7 A.2d 70. These principles were relied upon by the court below.

However, the paramount principle in the construction of insurance contracts is that the intention of the parties must be given as much effect as possible, Sack v. Glens Falls Insurance Company, 1947, 356 Pa. 487, 52 A.2d 173; Ferry v. Protective Indemnity Company of New York, 1944, 155 Pa.Super. 266, 38 A.2d 493; and, in order to ascertain that intention, endorsements in a policy must be read in conjunction with the policy as a whole, Kehoe v. Automobile Underwriters, Inc., D.C.Pa.1935, 12 F.Supp. 14; Knickerbocker Trust Company v. Ryan, 1910, 227 Pa. 245, 75 A. 1073.

Reading the policy and endorsement in the instant case makes it manifest that the parties did not intend to substitute Scheer as the named insured. The body of the policy names Mrs. Sutch as the insured. The endorsement states that there is to be no coverage if Mrs. Sutch drives the car herself, and then adds, by way of explanation, that the car is driven by Scheer, stating her age and relationship to the insured. It does *not* provide the conditions under which Scheer is to be covered, as this was already set out in the standard omnibus clause in the body of the policy, i. e., *only* when operating the car "with the permission of the named insured." There is, therefore, no conflict or ambiguity to be resolved in favor of the insured. On the contrary, the omnibus clause supplements the language of the endorsement and supplies whatever meaning might be lacking upon a reading of the endorsement alone.

Accordingly, we are of the opinion that the judgment in favor of the defendants should be vacated and that judgment should be entered against Scheer upon the jury's finding that she was driving the car without Mrs. Sutch's permission.

Defendants Rehfeld and Hayden contend that, even assuming that the District Judge was in error in his interpretation of the policy, in no event should a judgment adverse to them be entered upon the jury's finding. The only evidence to support the finding was Scheer's statement and the testimony of Lumbermens' claim agent, received in evidence over the objection of Rehfeld and Hayden. The latter urge, therefore, that while the statement and testimony may have been admissible against Scheer herself, as admissions of a party litigant, they were inadmissible hearsay statements with respect to them.

Since the defendants, Rehfeld and Hayden, concede that Scheer's statement and the testimony of Lumbermens' agent were admissible against the defendant Scheer, their contention that it was inadmissible against them poses an academic question in view of our ruling that Scheer was not an "insured" under the terms of the policy. The sole purpose of this litigation is to determine the rights of Lumbermens and Scheer *inter se.* In its complaint, Lumbermens prays for an adjudication "(a) That Defendant, Dorothy Scheer, is not entitled to coverage under the policy issued by Complainant to Laura V. Sutch; (b) That Complainant shall not be required to defend any action which has been instituted, or which shall be instituted, against Dorothy Scheer on account of the bodily injuries arising out of her operation of the aforementioned automobile on February 28, 1948; (c) That Complainant shall not be required to pay any sum or sums of money to any person or persons because of bodily injuries sustained by them as a result of the operation of the aforementioned automobile by the defendant, Dorothy Scheer;"[2]

For the reasons stated the judgment of the District Court will be reversed with directions to proceed in accordance with this opinion.

2. The Complaint also contained a prayer that the District Court should restrain defendants Rehfeld and Hayden from prosecuting their actions in the state courts. This prayer, of course, cannot be granted. Maryland Casualty Co. v. Consumers Finance Service, Inc., of Pennsylvania, 3 Cir., 1938, 101 F.2d 514.