**McLEAN, Plaintiff, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 666931.   Decided November 19, 1957.

Frank Leonetti, for plaintiff.
Burgess, Fullmer, Parker & Weh, for defendant.

## OPINION

By WASSERMAN, J:

This cause has been submitted to the Court on an agreed stipulation of facts and briefs. The plaintiff is the widow of John H McLean, who died on February 5, 1952, and was designated as beneficiary in his application of insurance. As beneficiary she seeks to recover certain insurance proceeds allegedly due under Defendant's Group Policy No. 15500-G insuring certain employees of the General Motors Corporation. The defendant issued said group policy effective September 1, 1950, and said policy insured certain employees of General Motors Corporation and certain subsidiary and affiliate companies, including the Cleveland-Cadillac Tank Plant. John H. McLean applied for employment with the Cleveland-Cadillac Tank Plant and made written application for insurance under said group policy on June 15, 1951. He commenced work as a factory laborer on June 18, 1951 and worked continuously and actively to and including September 1, 1951, when he was granted a leave of absence due to physical disability. On August 13, 1951, John H. McLean, while in the course of his employment, was accidentally injured, but continued in active employment until September 2, 1951. From that date until his death on February 5, 1952 he was continuously and totally disabled. He was unable to work and never appeared at his place of employment. No premium was ever paid by the employer company to the Metropolitan Life Insurance Company for coverage on John H. McLean under said group policy, nor did John H. McLean or anyone on his behalf, ever pay any premium contribution for insurance on the said John H. McLean. John H. McLean tendered premium contributions to the employer, but the same were refused.

There are two provisions in the group policy which are significant and decisive in determining whether or not the plaintiff is entitled to recover insurance proceeds under said group policy.

The first is "Section 2. Eligibility of Employees," which reads in part as follows:

"All employees employed prior to the date of issue hereof are eligible for insurance hereunder on the date of issue hereof. Employees employed on or subsequent to the date of issue hereof shall be eligible for insurance hereunder exactly ninety days after the date they start work."

The second is "Section 3. Effective Dates of Insurance," which reads in part as follows:

"An Employee may become insured hereunder only by making written request to the Employer on forms furnished by the Insurance Company. The insurance on any Employee who makes such request on or before the date of his eligibility shall become effective on the date of his eligibility, provided he is **actively at work** on the date of his eligibility * * * The insurance on any Employee **not actively at work** on the date when his insurance hereunder would otherwise become effective shall become effective on the next following day on which he is **actively at work** provided that date is not more than twenty-four months later." (Emphasis added.)

From these sections it can be concluded that John H. McLean became eligible for insurance ninety days after June 18, 1951 or September 16,

1951. His insurance became effective on that date provided he was "actively at work" on that date. If he was not "actively at work" on that date. then his insurance became effective on the next following day on which he was "actively at work."

The Court finds nothing ambiguous about the term "actively at work," and, from the facts stipulated, John H. McLean was not "actively at work" at any time after September 1, 1951. In fact he was totally disabled, unable to work, and did not appear at his place of employment after September 1, 1951.

Furthermore, the fact that he was totally disabled by reason of an accidental injury incurred in the course of his employment and could not be actively at work in no way met the requirements of the group policy.

The Court finds that the terms of the group policy are clear and that the insurance never became effective in the case of John H. McLean. Judgment is therefore rendered for the defendant with costs.