Arthur G. Klein, J.
This is a motion by plaintiff for an order striking defendant’s answer and for summary judgment. Defendant cross-moves for summary judgment in its favor.
Plaintiff brought this action to recover the proceeds of an insurance policy issued to the - plaintiff’s deceased husband. Defendant insurance company tendered payment in the amount of $2,000. Prior to the death of plaintiff’s husband, the defendant issued an amendment to the group life insurance policy to which he subscribed, which amendment increased the policy limits from $2,000 to $15,000. Plaintiff seeks to recover here on the amendment.
Defendant concedes that plaintiff is a proper beneficiary under its policy, that the original policy was in full force and effect with respect to the decedent and that the premiums have been paid. However, defendant urges that the amendment raising the limits of the policy was not applicable to plaintiff’s husband and that her recovery should be limited to the original amount of $2,000.
The amendment to the insurance policy provides that ‘ ‘ in any instance when an employee is not regularly performing the duties of his occupation on the date he would become insured in accordance with the terms [of the amendment] * * * the effective date of such employee’s insurance shall be deferred until his return to active duty.” Prior to the amendment, decedent was on sick leave. He died without returning to work. Defendant urges here that decedent was not on ‘ ‘ active duty ’ ’ during his illness nor had he returned to “ active duty ” .before his death; therefore, the amendment was never effective with respect to him.
Plaintiff cites another section of the policy for purposes of defining “active duty”. “Cessation of active work in the classes of employees eligible for insurance shall be deemed termination of employment, except that while an employee is temporarily on part-time employment or is absent on account of sickness or injury, employment shall be deemed to continue until *439 premium payments for such employee’s insurance are discontinued.” Under this section, plaintiff contends that the decedent was at all times on ‘1 active duty ’ ’.
It is well settled that where an insurance policy is subject to more than one interpretation, it must be strictly construed as to the insurer. (See Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545; Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44.)
Upon a reading of the afore-mentioned provisions of the policy, this court finds that the decedent was on “ active duty ” at the time of his death. The meaning of “ active duty” or ‘ ‘ active work ’ ’ and any exceptions are clearly set forth in the provision of the policy cited by plaintiff in support of her motion. Defendant’s own actions in making payment to another beneficiary whose decedent was on strike and died without ever returning to work lends support to this construction. In that instance, defendant determined that the deceased was at all times on “ active duty ” even though he was on strike.
Accordingly, it is unnecessary to reach the other arguments set forth by plaintiff in support of her action. Plaintiff’s motion for summary judgment is granted and defendant’s cross motion is denied.