## Clark v. Washington National Insurance Co.

*Edward J. David,* for plaintiff.
*Fred D. Furman,* for defendant.

BULLOCK, *J.,* April 21, 1978—Plaintiff, widower of Alice M. Clark, sued defendant, Washington National Insurance Company, claiming that his wife, who died on May 2, 1972, was covered by group life insurance placed with defendant. The company defended on the ground that Mrs. Clark was not covered by the policy since she was not, at the time of the effective date of the group policy, or at any time thereafter, "actively at work," as required by the policy. Mrs. Clark was a school teacher employed by the Upper Darby School District on September 1, 1971, the effective date of the policy here involved. Since late 1970, she had been out ill and had not actually been working. On August 31, 1971, Mrs. Clark wrote a letter to the Superintendent of Schools acknowledging

that she had been granted a year's leave of absence and requesting that she be placed on sabbatical leave instead. She indicated that she was at the time in University of Pennsylvania Hospital and that she had been hospitalized five times that year. She was notified on October 15, 1971, that her request for sabbatical leave status had been approved. She died without ever having returned to active duty at school. On September 17, 1971, she executed an insurance form on which she indicated "yes" in response to the question "Are you actively at work?" At some point she received a certificate of insurance. The school district paid premiums for her policy. Plaintiff further contends that defendant is estopped from denying coverage since it accepted Mrs. Clark as an insured and accepted premiums paid for her knowing her condition and status.

This case was heard by this court sitting without a jury. The evidence at trial disclosed that defendant was never, at any time prior to Mrs. Clark's death, advised that she was sick or not actively working at her job. The most that was shown was that the insurance company during negotiations with reference to the policy was advised that there was an unnamed employe disabled. The form filled out by Mrs. Clark indicated that she was "actively at work" on September 17, 1971. The evidence thus clearly established no estoppel.

It is further clear from the facts agreed upon that Mrs. Clark was not "actively at work" on September 1, 1971, the effective date of the policy, or any time thereafter. It is admitted that she was unable to work because of illness. Plaintiff argues that "actively at work" does not really mean what it says, but rather means, "not officially terminated

or retired as an employee" or something of that sort. It is suggested that "actively at work" is a phrase having special meaning within school circles. Assuming that this was true, defendant insurance company was not bound by any special meaning the phrase might have among school people. The phrase is composed of ordinary words having a commonly accepted meaning. Moreover, the context in which the words appear in the policy leaves no doubt as to their meaning. The certificate of insurance states:

"If the insured person is not actively at work on such effective date, his insurance shall not become effective until the day he returns to active work. However, such delay in the effective date for the insured person shall not affect the effective date of insurance of his dependents who are eligible on the effective date of the group policy, if such insured person, on the day immediately prior to the group policy effective date, was insured under a group policy issued to the Policyholder. In no other event shall Dependents' Insurance become effective unless and until Personal Insurance is effective." The policy itself states:

"If an eligible person is not actively at work or capable of being actively at work on the date his personal insurance would otherwise become effective, his insurance shall become effective on the day he returns to active work, or if during a weekend, vacation, or holiday, on the day he is capable of returning to work for his Participating Employer." The policy further provides:

"If an insured employee shall cease to be eligible

by reason of termination of employment, termination of employment shall be deemed to have occurred when an insured person terminates active work with his employer, except that an insured person who ceases active work because of disability, an approved leave of absence or a temporary lay-off will nevertheless be considered as employed until the Policyholder, acting in accordance with rules precluding individual selection, discontinues such person's insurance by notifying the Company to that effect or by discontinuing premium payments for such insurance; provided, however, that a person's insurance shall not be continued for more than thirty-one days following the date on which he ceases active work because of a temporary lay-off or approved leave of absence."

It is crystal clear from reading these sections that the phrase "actively at work" means exactly what it says. The policy provides coverage only while employes are actively at work, the single exception being that, where an employe ceases to be actively at work because of disability, approved leave of absence or temporary lay-off, coverage continues until the school district notifies the insurance company of the change of status or for 31 days, whichever is sooner.

An essential aspect of an insurance policy is a definition of the risk for which insurance is being issued. The health or physical condition of persons being insured is essentially relevant in the case of sickness, accident and life policies, as were issued in this case. The provisions we have quoted are obviously concerned with the physical condition of employes, not their administrative status on school

records. We believe there is no other reasonable reading of these provisions. We also call attention to the fact that defendant offered into evidence a letter dated August 20, 1971, from Mr. Heller, a representative of defendant, to Mr. Angeline, who was acting as a consultant for the school district, in which the following statement appears: "All full-time employees would be covered on the effective date of the program providing that they were not disabled on that date. Any employee who because of disability would have been unable to work on the effective date will not be covered until the first date he would return to work." The school district was thus clearly advised in advance that employes who were "disabled" would not be covered.

The only case cited by plaintiff involving interpretation of language similar to that of the present policy is Chinea v. Northeastern Life Ins. Co. of N.Y., 278 N.Y.S. 2d 560, 53 Misc. 2d 437 (1966). In that case, decedent was out sick at the time of an amendment to a group policy and never thereafter returned to work. The amendment provided that it was applicable to "employees regularly performing their duties." Another provision of the policy provided, however, that where a covered employe was "temporarily . . . absent on account of sickness or injury, employment shall be deemed to continue until premium payments for such employee's insurance are discontinued." Premium payments were never discontinued. These words are in marked contrast to the provisions of the policy in this case, which established a maximum of 31 days continued coverage after an employe ceased to be actively at work. Moreover, in the present case Mrs. Clark was never covered in the first instance.

Plaintiff argues that defendant could have specifically provided that persons on sabbatical leave were not covered by the policy, but failed to do so. We do not agree. Persons on sabbatical leave are obviously not "actively at work." We would, moreover, finally note that section 1170 of the Public School Code of March 10, 1949, P.L. 30, 24 P.S., §11-1170, specifically deals with "rights retained" of persons on sabbatical leave and provides that they "shall be considered to be in regular full-time daily attendance . . . for the purpose of determining the employe's length of service and the right to receive increments, as provided by law." This provision is not concerned with the physical condition of employes and, in any event, could not control contractual benefits with third parties. Plaintiff's decedent in this case on September 1, 1971, had not yet achieved her sabbatical leave status. At that time, she was still on leave of absence. Section 1178 of the code, dealing with rights preserved during leave of absence, in no way attempts to equate such leave with "regular full time daily attendance." It does, however, preserve an employe's seniority and increment rights.

For the reason indicated, we find that plaintiff's decedent Alice M. Clark, was not covered by the group insurance policy in question. We, sitting as a jury, consequently render a verdict in favor of defendant Washington National Insurance Company and against plaintiff. Judgment for defendant is entered on the verdict.