## Demito v. Life Insurance Company of North America

*Richard W. Rogers*, of *Rogers, King & Cole*, for plaintiff.

*Ralph L. Hose*, of *Haws & Burke*, for defendant.

GARDNER, *P.J., Specially Presiding*, May 9, 1979—This matter is a non-jury trial which was presented to this court on an agreed factual statement. The sole issue is whether Anthony Demito, a former employe of the Commonwealth of Pennsylvania, was, at the time of his death, an insured under a group life insurance policy issued to the Commonwealth by defendant.

The relevant dates involved in this controversy are:

January 22, 1969, at noon—the decedent taken ill; last day of his actual work for the Commonwealth; January 22, 1969 (noon) through February 4, 1969—decedent on sick leave; February 1, 1969—issue date of insurance policy; February 5, 1969, through March 10, 1969—decedent on accrued vacation leave (extended specially for last five working days, March 4 through March 10); March 11, 1969, at 4:30 a.m.—date and time of decedent's death.

Plaintiff contends: (1) that since decedent had fulfilled the statutory and policy prerequisites of three months' prior continuous service, he became automatically insured, (2) that the policy requirement that an insured must "actively engage in work"[1] relates only to those employes who declined coverage initially and later elected such protection, (3) that the policy is at variance with the enabling statute which provides that employes on "active

---

1. Relevant policy provisions involved in the instant matter include: "In any instance in which an Individual is not engaging in active work on the date he would otherwise become insured, the effective date of his insurance shall be deferred until his return to active work in a class of Individuals eligible for insurance.

"The term 'active work' as used in this sub-section shall mean performing the normal duties of one's occupation or being available to perform such duties.

"An Individual's insurance . . . shall terminate . . . (d) upon termination of employment as hereafter defined. Cessation of active work shall be termed termination of employment, except that while an Individual is absent on account of sickness or injury, employment shall be deemed to continue until premium payments for such Individual's insurance are discontinued . . ."

service"[2] would be covered and that the statute controls, and (4) that the policy language is ambiguous, and, therefore, its construction must favor the insured.

Defendant submits that the policy is clear, that its language controls, and that decedent never became an insured, since he did not fulfill the active work requirement on or after the policy's effective date.

Our research, and that of counsel, revealed the following general principles of Pennsylvania law which we believe provide the context in which this matter is to be viewed:

(1) A contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer who drew it: Penn-Air, Inc. v. Indemnity Insurance Company of North America, 439 Pa. 511, 269 A. 2d 19 (1970).

(2) Quigley v. Western and Southern Life Insurance Company, 136 Pa. Superior Ct. 27, 7 A. 2d 70 (1939), as cited in an excellent opinion by Judge Acker of Mercer County; Welch v. National Union Life Insurance Co. of Pittsburgh, 51 D. & C. 2d 189 (1971).

(3) The usual definition of words employed in a contract must control in the absence of a clear expression of contrary intention: Morris v. American Liability & Surety Company, 322 Pa. 91, 185 Atl. 201 (1936), as cited in Judge Acker's opinion, supra.

(4) A statute applicable to a contract of insur-

---

2. The statute involved in the instant matter is the Act of July 31, 1968, P.L. 691, 71 P.S. §780.1, which provides, inter alia: "Each such employe in active service shall be eligible for insurance."

ance in force at the time of the making of the contract must be read in connection therewith in construing the terms of the policy, and controls in case of conflict: Neel v. Williams, 158 Pa. Superior Ct. 478, 45 A. 2d 375 (1946).

However, the specific question here involved has never been decided by a Pennsylvania appellate court.

This question, although not involving the specific statute under which the instant matter arose, has been the subject of two common pleas decisions. In Shockley v. Travelers Insurance Company, 33 Del. Co. 526 (1945), the Court of Common Pleas of Delaware County held that where a group life insurance policy stipulates that an employe to be eligible for benefits must complete three months of service and must be actively at work on the date when he would become eligible, and it is admitted that the employe was not at work on that date and at any time between that date and the date of his death, the beneficiary of the employe is not entitled to recover. In Clark v. Washington National Insurance Co., 6 D. & C. 3d 178 (1978), the Court of Common Pleas of Philadelphia County held that the words "actively at work" must be given commonly accepted meaning. The court denied coverage to an employe who was out ill on a year's leave of absence, subsequently changed to a sabbatical leave, under a policy which required active work.

Of major aid to this court is an extensive annotation found in 58 A.L.R. 3d 993, wherein cases of other jurisdictions are analyzed. The authors conclude that there is more flexibility of argument as to coverage in policies such as involved instantly where the employe was a professional, an execu-

tive, or in a supervisory capacity, since such persons may be "at work" even when hospitalized, as a result of the ability to be consulted or to act as an advisor though confined.[3]

Other than the "executive" exception, the inescapable conclusion from cases cited in the A.L.R. annotation is that the concepts of "actively at work," "active duty," or "active service," which the authors consider synonymous, require an insured to be in active pursuit of employment duties. Some examples are:

(1) In Smith v. Connecticut General Life Insurance Company, 25 App. Div. 2d 555, 267 N.Y.S. 2d 579 (1966), a policy required "active service with the employer" on the effective date of the policy. The deceased was in the hospital at the effective date, and it was held that the insurance never became effective. The same holding is found in Elsey v. Prudential Insurance Company of America, 262 F. 2d 432 (C.A. 10th Cir. Okla. 1958).

(2) In Rabinovitz v. Travelers Insurance Company, 11 Wis. 2d 545, 105 N.W. 2d 807 (1960), a general manager was held not actively at work where he was confined in a hospital from about one week prior to the policy's effective date until one month after the effective date at which time he died.

(3) In Marshall v. Connecticut General Life In-

---

3. One of the supporting exhibits of the statement of facts is a communication from J. C. Bouchard, District Engineer of Schuylkill River Project, which states that Anthony Demito was a laborer in the maintenance crew. At any event, there is absolutely no evidence that Mr. Demito performed any duties, advisory or otherwise, after noontime on January 22, 1969.

surance Company, 371 S.W. 2d 363 (Mo.App. 1963), an airline mechanic was held not in "active service" after a determination of total disability.

(4) In Williams v. Metropolitan Life Insurance Company, 448 S.W. 2d 295 (Mo.App. 1969), a deceased employe was held not "actively at work" where he had been laid off one day before the policy's effective date, the court citing a dictionary definition of the word "active." This court also stated that where there was no ambiguity, it could not search for a meaning beyond the plain language of the contract.

(5) In McLean v. Metropolitan Life Insurance Company, 78 Ohio L.Abs. 464, 153 N.E. 2d 349 (1957), it was held that an employe who was totally disabled could not be "actively at work."

Plaintiff places heavy reliance on Chinea v. Northeastern Life Insurance Company, 53 Misc. 2d 437, 278 N.Y.S. 2d 560, 561 (1966), where the New York Supreme Court determined that a deceased was on active duty though at the time on sick leave. However, we agree with the defendant that this case is readily distinguishable from the instant one. Chinea involved an employe who was insured, and the issue concerned the effectiveness of a policy amendment which was instituted during his sick leave. The policy involved provided that where a covered employe was "temporarily . . . absent on account of sickness or injury, employment shall be deemed to continue until premium payments for such employee's insurance are discontinued," and premium payments had never been discontinued.[4]

---

4. It is to be noted that the policy involved in the instant matter contains similar language. See footnote 1.

In the matter before us, the question is whether the deceased was covered initially. We are of the opinion that he was not.

Nor are we impressed with plaintiff's argument which restricts the active work requirement to an employe who made an initial determination not to be covered and later changed his mind. We note that the policy says that the effective date of the insurance in this matter is deferred until an employe returns to "active work" *"in any instance."* (Emphasis supplied.)

Although we agree with plaintiff as to the paramount consideration to be given to the enabling statute (Neel v. Williams, supra), we cannot agree that "active work" and "active service" must be defined differently. To treat these concepts other than the same would torture this language. Surely, such is not the extreme to which we must go to carry out the appellate demand to interpret the policy in favor of the insured.

We find that words in a policy must be given reasonable and normal interpretation: Great American Insurance Company v. State Farm Mutual Automobile Insurance Company, 412 Pa. 538, 194 A. 2d 903 (1963); Lovering v. Erie Indemnity Company, 412 Pa. 551, 195 A. 2d 365 (1963), cited in Judge Acker's opinion in Welch, supra.

So, too, must statutes: Statutory Construction Act, 1 Pa.C.S.A. §1922.

In summary, though this decision is not easy because of the possible need of plaintiff, to whom we have extended the benefit of liberal policy interpretation, we conclude that the clear meaning of both the policy written by defendant and the enabling statute prevents extension of coverage to decedent.

472

Any other interpretation would be so violative of the clear meaning of language as to constitute an attack on common sense.

## VERDICT

And now, May 9, 1979, for the reasons set forth in the opinion in support of this verdict filed in the above-captioned matter, the court finds for the defendant.

Each party to bear own costs.