SAN FRANCISCO & P. S. S. CO. v. SCOTT, Collector of Internal Revenue, et al.

(District Court, N. D. California, Second Division.   September 3, 1918.)

No. 15782.

1. INTERNAL REVENUE ⬤⇒9—INCOME TAXES—"DEPRECIATION"—DEDUCTIONS.
    Under Act Aug. 5, 1909, § 38, imposing excise taxes to be computed on the net income of corporations, and providing for deduction from the gross income of expenses for maintenance, etc., and losses, etc., including a reasonable allowance for depreciation, a corporate shipowner is entitled to deduct necessary repairs; that item not being included in "depreciation," which means the lessening in value due to obsolescence, etc.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Depreciate.]

2. WORDS AND PHRASES—"MAINTENANCE."
    "Maintenance" of a business means the upkeep, or preserving the condition of the property to be operated, and includes the cost of ordinary repairs.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maintenance.]

At Law.   Action by the San Francisco & Portland Steamship Company against John J. Scott, Collector of Internal revenue, etc., and another.   Judgment for plaintiff.

Charles J. Heggerty, of San Francisco, Cal., for plaintiff.
Ed. F. Jared, Asst. U. S. Atty., of San Francisco, Cal., for defendants.

BEAN, District Judge (sitting by special assignment).   This action is to recover certain amounts paid by the plaintiff under protest as excise taxes levied under Act Cong. Aug. 5, 1909, § 38 (36 Stat. 112, c. 6), for the years 1910 and 1912.

In its returns plaintiff included in its deductions for ordinary and necessary expenses, paid out for the maintenance and operation of its business and property, for the year 1910 $17,088.77, and for the year 1912 $25,371.40, being amount expended in each of such years for making "ordinary and necessary" repairs to the deck department, engine department, and commissary department of its steamers, and also $59,642.11 for 1910 and $79,350.96 for 1912, for depreciation of such steamers, being 5 per cent. of the book value thereof.

It is admitted that the deductions for depreciation are reasonable and should be allowed, but the commissioner ruled that the cost of making ordinary and necessary repairs was not a proper item to be included in the operation and maintenance expenses, but was covered by the deductions for depreciation, and required plaintiff to pay taxes thereon, which it did under protest, and hence this suit.

[1, 2] The question thus raised does not seem to have been directly decided in any reported case to which my attention has been called, or which I have been able to find, although the cost of repairs and

upkeep was assumed in Grand Rapids & I. Ry. v. Doyle (D. C.) 245 Fed. 792, to be an item properly included in operating and maintenance expense. Under the law the tax is to be laid on net income and such net income is to be ascertained by deducting from the gross income (1) all the ordinary and necessary expenses actually paid within the year out of income in the "maintenance and operation" of the business and property; (2) losses actually suffered, not covered by insurance, including a reasonable allowance for depreciation, if any. (3), (4), and (5) are items not material here. It will thus be seen that the deductions allowed are to include, not only ordinary and necessary amounts actually paid out in the operation of the property, but also the amounts paid out in the maintenance thereof, and in addition a reasonable sum for depreciation, if any. Now, the operation of a business or property includes payment for labor and materials which go into the actual operation thereof, while maintenance means the upkeep or preserving the condition of the property to be operated, and therefore, in my judgment, includes the cost of ordinary repairs necessary and proper from time to time for that purpose. "Depreciation," as used in the statute is not to be confused with ordinary repairs. It is intended to cover the estimated lessening in value of the original property, if any, due to wear and tear, decay, or gradual decline from natural causes, inadequacy, obsolescence, etc., which at some time in the future will require the abandonment or replacement of the property, in spite of ordinary current repairs.

It follows that the tax complained of was illegally exacted, and the plaintiff is entitled to judgment for its recovery. Findings may be prepared accordingly.