# Clum *v.* New Amsterdam Casualty Co., Appellant.

*Insurance—Accident insurance—Death by attack of burglar—Words and phrases "Burglary," "Robbery"—Construction of policy—Evidence.*

1. A burglar is he that by night breaketh and entereth into a mansion house with intent to commit a felony.

2. Robbery is the felonious and forcible taking, from the person of another, of goods or money to any value, by violence, or putting him in fear.

3. Where a policy of accident insurance provides for indemnity for injury or death "while the insured is defending himself against an attack of a burglar or robber, who is attempting to rob the insured by force," recovery may be had for the death of the insured, where it appears that she was found in her bedroom stabbed to death, and it is admitted that a burglary was committed, but it is claimed that the motive was murder and not robbery.

4. In such case breaking and entering the deceased's dwelling to commit any felony whatever, made the intruder a burglar, and naming the crime of burglary in the policy carried with it no implication of the presence of force in its commission.

5. It was not necessary to show, by evidence of the possession of money by the deceased, and its absence after death, that she had been robbed.

6. Where a policy of insurance is prepared by the insurance company, doubts as to the construction of the language used, should be resolved in favor of the insured.

Argued October 14, 1924. Appeal, No. 125, Oct. T., 1924, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1922, No. 1178, on verdict for plaintiff, in case of L. I. Clum v. New Amsterdam Casualty Com-

pany. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on a policy of accident insurance. Before ROWAND, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,055. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Harry J. Nesbit,* for appellant.—Plaintiff must prove that the insured came to her death while defending herself against the attack of a burglar or robber, who was attempting to rob the insured by force. It is not enough to show that a burglar killed the deceased, but it must appear that the burglar was attempting to rob her.

*John D. Meyer,* for appellee, cited: Miller v. Bonding & Ins. Co., 247 Pa. 182; Bowers v. Casualty Co., 260 Pa. 147.

OPINION BY MR. JUSTICE SCHAFFER, November 24, 1924:

In this action of assumpsit on an accident insurance policy the verdict and judgment favored plaintiff and defendant has appealed.

The nub of the controversy lies between two clauses in the policy having to do with the kinds of injury for which the company is to be held liable, one of which reads: "Burglar. H. While insured is defending himself against an attack of a burglar or robber, who is attempting to rob the insured by force." If this clause applies to the present claim (and it was determined in the court below that it did) then the indemnity payable is $2,600. The other clause provides: "General Death. Q. Should the insured sustain such injuries not occurring as speci-

fied in any of the foregoing paragraphs A to L inclusive, but which shall be the sole cause of the death of the insured within one month from the date of the event causing such injuries, then and not otherwise the company will pay to the beneficiary fifty dollars." If this is the applicable clause under the proofs adduced, the verdict was wrong.

The insured, a woman, was found dead in the bedroom of her house, having died as a result of wounds which, according to expert testimony, could not have been self-inflicted. There was no evidence as to what occurred at the time of the murder, except it appeared that deceased had been stabbed to death. It was not shown there was a struggle; her desk in the room where she was found was open with papers scattered about it and there was one or more lying on the floor. When her body was discovered, she had been dead, in the opinion of the doctor who made the post-mortem examination, for at least four days. It appeared that customarily the deceased carried a large sum of money on her person, as much as $3,000. She was last seen with this amount of money about her three or four days before death. No money, except some loose change, was found with her body, although there was found about $150 in the locked safe in her room.

The position assumed by appellant is that it is not enough to show that a burglar killed the deceased, but it must appear the burglar was attempting to rob her by force, and there is no evidence of this; that testimony to show the insured carried a large sum of money about her, and that it was missing, was incompetent as a basis for the conclusion that she had been robbed, as the times when she was shown to have had the money in her possession were too remote to warrant the conclusion that she had it with her at the time she was killed.

In our view, the appellant gives to the clause of the policy first mentioned a construction too stringent against the claimant. The policy was prepared by the

company, and doubts in construction of the language used should be resolved in favor of the insured: Nusbaum v. Hartford Fire Ins. Co., 276 Pa. 526. Appellant's counsel in his brief says: "If the plaintiff is required only to prove that a technical burglary was committed, and one without any element of robbery, then the verdict was proper. But if the policy means that the burglar also must have been attempting to rob his victim by force, the proofs have failed to measure up to the burden required." It is admitted there was a burglary committed but averred the purpose was murder and not robbery.

We do not construe the policy as meaning that if death is caused by a burglar it must be further shown that he attempted to rob the insured by force. We hold that the latter words "to rob the insured by force" apply only where the crime committed is robbery and not burglary. The use of force inheres in the definition of the crime of robbery at common law but not in that of burglary. "The definition of a burglar, as given by Sir Edward Coke, is 'he that by night breaketh and entereth into a mansion-house with intent to commit a felony' ": 4 Blackstone's Commentaries, p. 224. Robbery is defined as "The felonious and forcible taking, from the person of another, of goods or money to any value, by violence or putting him in fear": 4 Blackstone's Commentaries, p. 242. The common law meaning is carried into our statutory definition of the crimes: Act of March 31, 1860, P. L. 382, section 135 as to burglary (P. L. 415), sections 100 and 102 as to robbery (P. L. 408). Breaking and entering the deceased's dwelling to commit any felony whatever made the intruder a burglar and naming this crime in the policy carried with it no implication of the presence of force in its commission. The clause included two possibilities of death, "While insured is defending himself against an attack of (1) a burglar: or (2) robber, who is attempting to rob the insured by force"; this being

so, the plaintiff was entitled to recover, as she did, the larger indemnity provided by the policy.

It was not necessary for appellee to show, by the evidence of the possession of money by the deceased and its absence after death, that she had been robbed. For this reason, it is not requisite that we shall pass on the assignments of error covering the testimony as to the carrying of money by the deceased about her person.

The assignments of error are overruled and the judgment is affirmed.