## ORDER OF COMMERCIAL TRAVELERS OF AMERICA v. WILLIAMS.

(Circuit Court of Appeals, Sixth Circuit. March 11, 1926.)

No. 4469.

1. **Insurance ☞665(5)—Special finding that murderer of insured broke into house with intent to murder held required by evidence.**

In action on accident insurance policy, special finding of jury that murderer of insured broke into his house with intent to murder *held* required by evidence.

2. **Burglary ☞2.**

"Burglary" at common law, applicable in Kentucky, is breaking and entering in nighttime of another's dwelling with intent to commit felony therein.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Burglary.]

3. **Insurance ☞464—Accident insurance policy exempting insurer from liability for murder, unless inflicted for sole purpose of burglary, held not to cover murder by one forcibly entering dwelling for sole purpose of committing murder.**

Accident insurance policy, exempting insurer from liability for death or loss resulting from "murder or disappearance, injuries (fatal or otherwise)," except when "such injuries" are inflicted for sole purpose of burglary, *held* to cover injury or murder intentionally inflicted as incident to forcible entry, or in attempt to escape after entry, but not murder committed by one who forcibly entered dwelling with sole design to murder insured.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by Nancy C. Williams, formerly Nancy C. Renaker, against the Order of Commercial Travelers of America. Judgment for plaintiff, and defendant brings error. Reversed.

B. R. Jouett, of Winchester, Ky. (E. W. Dillon, of Columbus, Ohio, and Herbert H. Moore, of Winchester, Ky., on the brief), for plaintiff in error.

Stephen T. Davis, of Winchester, Ky. (Benton & Davis, of Winchester, Ky., on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. This is a suit on an accident insurance policy. The initial, and we think decisive, question depends upon the construction of a provision in the policy as follows:

"Benefits under this article shall not cover nor extend to any death, disability, or loss * * * resulting from * * * murder or disappearance, injuries (fatal or otherwise) intentionally inflicted by others (except where such injury is inflicted for the sole purpose of burglary or robbery or by an insane person, the intent to commit burglary or robbery to be established by the claimant)," etc.

[1] The insured, Leon Renaker, husband of plaintiff below, returned from Cincinnati to his home at Winchester on the evening of July 24, 1923, arriving at Winchester at 11 o'clock. He was last seen alive about 11:40 that evening, walking toward his home. The plaintiff, who had accompanied her husband to Cincinnati, remained there until the morning of the 26th, when she returned to Winchester, went to her home, and upon entering an upstairs sleeping room found her husband in bed, in his night clothes, with his head crushed, and dead. There was no disarrangement of the furniture of the room. The telephone wires had been cut and the lighting system disconnected. Renaker's pocketbook, with some change in it, and a watch, were found on a dressing table. An issue of a local newspaper of July 24th was on the floor. The front door was locked. The screen door leading from the back porch was closed, but not fastened. There were marks on the screen as if a bloody hand had been placed against it.

The jury found a general verdict for plaintiff, and at the same time returned a special finding that "the intent with which the murderer of Renaker broke into his house was to murder." Defendant then moved for a judgment non obstante veredicto, on the ground that under the special finding there was no liability on the policy. The special finding, we think, was correct; indeed, no other verdict as to that issue could have been returned on the evidence. Hence the question is whether the intentional injuries to Renaker (resulting fatally) were inflicted "for the sole purpose of burglary."

[2] Burglary at the common law, and there is no statutory modification in Kentucky, is the breaking and entering in the nighttime of another's dwelling house with intent to commit a felony therein. Upon the assumption that there was a forcible entry into the house, which we accept, it is contended by plaintiff that, inasmuch as it was the intent of the one who entered to commit a felony (murder), the injuries were inflicted "for the sole purpose of burglary." Defendant contends that they were not so inflicted, unless done in attempting or effecting the forcible entry.

[3] The policy exempts the company from liability for death resulting from "murder or disappearance, injuries (fatal or otherwise)," except where "such injuries" are inflicted for the sole purpose of burglary. It will be observed that the exception applies to "injuries intentionally inflicted" by others, which, if amounting to murder, would include it, if the clause is to be given its rational scope. In our opinion, it includes an injury (although amounting to murder) intentionally inflicted as an incident to the forcible entry, as where committed in attempting to force an entry, or after completing it in attempting to escape (Conrad v. State, 78 N. E. 957, 75 Ohio St. 52, 6 L. R. A. [N. S.] 1154, 8 Ann. Cas. 966), but does not cover a case where the sole design of the one who enters the building is to murder the insured, and as a necessary incident thereto effects a forcible entry. The policy attempts to define "accident." Murder, subject to the exception indicated, is excluded from the defined meaning of the term—and logically so, since it is natural to think of a killing which is incidental to a burglary, and not deliberately planned, as more nearly approximating an accident than one resulting from a primary and dominant purpose of murder.

Under plaintiff's interpretation, if the one who inflicted the fatal injury upon Renaker made an unobstructed entry into his house and the sleeping room, and there committed the murder, there would be no liability. But if, in making the entry, he pushed aside a door that was ajar—having in each case the sole intent of committing murder—there would be liability, because of the burglarious act of slightly enlarging the passageway through a partially open door. In the latter case we think the injury would not have been inflicted "for the sole purpose of burglary," but rather for the purpose of murder, the burglarious act having been committed merely as an incident to the impelling motive of murder.

There is among the authorities, so far as we have been able to find, no interpretation of a provision of this kind in respect to facts analogous to those in the case at bar. Clum v. Casualty Co., 126 A. 810, 281 Pa. 466, 36 A. L. R. 1122, cited by plaintiff, contained a provision insuring against injuries resulting to the insured while "defending himself against an attack of a burglar or robber who is attempting to rob the insured by force." The insured was killed by a burglar. It was decided that the words "to rob the insured by force" applied only when the crime committed was robbery. The liability clause in that case, in which the insurance company was held liable, was entirely different from this one. The policy there covered death while the insured was "defending himself against an attack of a burglar," regardless of the purpose of the attack or injury, whereas the provision here is limited to such injury as "is inflicted for the sole purpose of burglary."

In Insurance Co. v. Coghlin, Adm'r, 212 P. 486, 72 Colo. 440, the insured under an accident policy was killed by a revolver shot intentionally fired by one who did not see or intend to injure him, and it was held that the insurer was not liable under a clause of the policy which provided that it should not cover injuries—fatal or otherwise—caused by the intentional act of any person. In Weidener v. Accident Insurance Co., 110 N. W. 246, 130 Wis. 10, the fatal injuries resulted from "a cruel and intentional" blow by one who had taken from the possession of the insured, against his will, certain personal property. A clause of the policy limited the amount payable in event of death "due to injuries intentionally inflicted upon the insured by any other person, except assault committed for the sole purpose of burglary or robbery." It was held that the question —whether the act of the third person was for the sole purpose of robbery—was one of fact for the jury.

It is not necessary to consider whether there was in fact a forcible entry into the residence of Renaker. Upon the assumption that there was, and the finding that the intent of the person who made the entry was to kill the insured, we hold that the injury intentionally inflicted was not for "the sole purpose of burglary," but that the burglary was merely an incident to the dominating purpose of murder. In this view of the meaning of the policy, the defendant was entitled to a directed verdict.

Judgment reversed.