## Morris *v.* American Liability & Surety Company, Appellant.

Argued March 31, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*H. Rook Goshorn,* with him *Harry S. Ambler, Jr.,* for appellant.

*Milford J. Meyer,* with him *Robert M. Bernstein,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 25, 1936:

The policy in question protected the assured from loss arising from damages by reason of "the ownership, maintenance, manipulation or use" of certain described vehicles when driven by the assured or his permittees. Attached to this policy was a rider which stated that it was agreed that the policy should cover the *"operation"* of the automobiles only when driven by certain named persons. The rider further provided that if any of the

named drivers was a hired chauffeur it should cover any one employed as his successor or substitute, but that notice of the same should be furnished to the company within ten days from the date of employment of such successor or substitute.

While the policy was in force, Mumford, an employee of the assured, not included in the rider, drove a truck covered by this policy to appellee's place of business. He had a tire in the truck that needed repairs. While in the act of hammering into place the rim of the wheel on which was the tire, Mumford negligently caused injury to Benjamin Morris. For the damages thus sustained he recovered a judgment, which was affirmed in *Morris v. Lipkin*, 317 Pa. 422. As Lipkin had been adjudicated a bankrupt, pursuant to the provisions of the policy, Morris then brought this action against the insurance carrier to recover the amount of his judgment. The affidavit of defense denied liability on the policy because Mumford was not one of the employees named in the rider attached to the policy. Morris, the plaintiff, took a rule for judgment for want of a sufficient affidavit of defense, which the court below made absolute, and this appeal followed.

If all liability under this policy was limited to damages caused by the drivers named in the rider thereto it would be decisive of this case. Mumford was not one of the employees named therein, nor was he a successor or substitute to one of these that was named. However, the court below concluded that while the rider did delimit liability there was nevertheless certain portions of the policy which remained in full effect and untouched by the rider, and as to these liability was extended to any person lawfully in charge of the truck. It is appellant's contention that the rider which states that liability is limited to *"operation"* by certain named drivers, covers the same field embraced in the policy by the use of the terms "ownership, maintenance, manipulation or use." Therefore, appellant concludes that the policy covered

only damages caused by the named drivers under all circumstances involving the trucks.

The four terms employed in the policy defining the conditions under which the insurer was to be liable cover a wide and comprehensive field. Each of these terms, "ownership, maintenance, manipulation or use," is general in nature and covers situations which cannot be defined beforehand with exactness: cf. *Lewis v. Fidelity & Casualty Co.*, 304 Pa. 503, 508. There may be occasions, in fact, when the meanings of these terms overlap and when more than one would cover the same situation. But it is a well-settled rule of construction that no word in a contract is to be treated as surplusage or redundant if any reasonable meaning consistent with the other parts can be given to it: *Florida East Ry. Co. v. City of Miami*, 78 So. 682. As we view this policy, each of these terms was intended to cover situations distinct and separate from those covered by any other term. Distinctions between them and particularity of application appear in other cases: *Mullen v. Hartford Accident & Indemnity Co.*, 191 N. E. 394; *Quality Dairy Co. v. Ft. Dearborn Casualty Underwriters*, 16 S. W. (2d) 613; *Panhandle Steel Products Co. v. Fidelity Union Casualty Co.*, 23 S. W. (2d) 799, 801.

The word "maintenance" used in this policy covers all acts which come within its ordinary scope and meaning. To maintain means to preserve or keep in an existing state or condition and embraces acts of repair and other acts to prevent a decline, lapse or cessation from that state or condition. See *City of New York v. Dry Dock, etc.*, 240 N. Y. S. 744, 746; *E. E. Kelly & Co. v. United States*, 17 Ct. of Cust. and Pat. App. 30, 32; cf. *Steir v. London Guarantee & Accident Co.*, 237 N. Y. S. 40, 41, affirmed 173 N. E. 873; see also *P. R. R. Co. v. Pa. Ohio Elec. Co.*, 296 Pa. 40, 45. In a wide variety of situations the word "maintain" has been taken to be synonymous with "repair." See *2 Words & Phrases* (4th ed.) 610, and prior editions. This is the usual meaning,

the dictionary meaning, and the meaning which must control in the absence of a clear expression of a contrary intention: *Restatement of Contracts,* section 235 (a). Here the act which gave rise to the injury for which a judgment was recovered took place while an employee of the assured was in the act of repairing an essential part of the car and, under the circumstances, was expressly within the term of the policy specified as "maintenance."

Appellant contends that the word "operation" covers acts done while in the repair of the automobile and hence that the rider shows an intention to restrict liability to occasions when repairs are being made to the drivers specified in the rider. It is improbable that the parties intended by the term "operation" to cover not only the terms "manipulation or use" as appeared in the body of the policy and to which they naturally apply, but also the term "maintenance." Had the parties such an intent, it would have been an easy matter for them to repeat the words of the policy in the rider and thereby clearly show such intent. While the rider, being a later expression of intention, must control the policy itself in so far as it enlarges, modifies or restricts the terms thereof, since it is a special statement relating to the subject involved, it must be presumed to express their exact agreement thereon: *Dick v. Ireland,* 130 Pa. 299, 316; *Schreck v. Stand. A. Ins. Co.,* 102 Pa. Superior Ct. 18, 24. The term "operation" as we view it has particular application to the terms "use" and "manipulation" as they appear in the body of the policy, and clearly shows an intention to restrict the coverage of the policy with respect to these two classes of activities to the drivers named in the rider. Beyond this we cannot conceive that it was the intention of the parties to further restrict liability. A rider modifying one or more terms or conditions in a policy cannot be held to affect other conditions as to which it is silent.

The words "operation" and "maintenance" have, so far as our research has discovered, not been distin-

guished nor aptly defined in any case dealing with automobile liability insurance. Appellant has cited cases showing that the term "operation" has been construed in a broader sense than mere "driving" and includes ordinary stops, parking, shifting of gears and the like. With such construction we do not disagree. But the term "maintenance" particularly applies to acts of repairs. In dealing with other situations courts have often distinguished between these two terms. See *McChesney v. Village of Hyde Park,* 37 N. E. 858, 862; *State ex rel. v. Wilder,* 200 Mo. 97, 98 S. W. 465, 467; see also *San Francisco & P. S. S. Co. v. Scott,* 253 Fed. 854, 855.

The rider shows that the parties understood that since the period of greatest probable risk occurs during the time that these trucks are driven or operated in the course of the employer's business, that a restriction of liability to a definite number of known drivers would materially lessen the scope of probable liability upon the surety company. But it is not at all clear that the parties intended to also restrict liability for harm growing out of acts of maintenance, clearly a lesser risk, exclusively to these named drivers. The rider imposed special requirements as to certain hazards but neither in terms nor by implication does it even suggest any modification with regard to the maintenance risk, under which matters of repair clearly fall.

If any doubt existed that this policy did cover the risk involved, or that the rider was not intended to delimit the scope of liability under all circumstances to the named drivers, our settled rule of construction to resolve such matters in favor of the assured so as to cover the loss, would determine this matter in favor of the plaintiff and against the insurer: *Janney v. Scranton L. Ins. Co.,* 315 Pa. 200, 203; *Clum v. New Amsterdam Cas. Co.,* 281 Pa. 464; *Trexler Lumber Co. v. Allemannia Fire Ins. Co.,* 289 Pa. 13; *Norlund v. Reliance Ins. Co.,* 282 Pa. 389.

Judgment affirmed.