The **NORTH RIVER INSURANCE COMPANY**, Plaintiff,

v.

**W. G. WHITE**, Individually and d/b/a White Gin Warehouse Co., et al., Defendants.

Civ. A. No. 5–1253.

United States District Court, N. D. Texas, Lubbock Division.

July 30, 1974.

---

O. P. Fields, Jr., Stokes, Carnahan & Fields, Amarillo, Tex., for plaintiff.

Willis E. Gresham, Jr., Cayton, Gresham & Fulbright, Lamesa, Tex., Stephen L. Haley, Seminole, Tex., A. W. Salyars, Lubbock, Tex., for defendants.

## MEMORANDUM OPINION

WOODWARD, District Judge.

On October 15, 1972, United States Fire Insurance Company issued its policy No. CAA–73–51–47 (Pltf's Ex. #1). The North River Insurance Company, the plaintiff, is a member of Crum and Forster Group Insurance Companies and the United States Fire Insurance Company is a member of the same group and for the purposes of this suit the named plaintiff and the issuer of said policy will be treated as one and the same and they were each represented in court by counsel. The defendants are the named insured in the above-mentioned policy, his son, some employees of his, as well as parties who were involved in a collision between an automobile driven by some of the defendants that crashed into the trailer owned by Mr. White during the period that this policy was in force and effect.

The policy in question contains the following exclusion:

"(c) under coverages A and B . . , while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company."

The trailer involved in the accident was one of the trailers covered by the terms of the policy and the premium has been duly paid for the period in question.

The case was tried before the court without a jury on the 25th day of July, 1974 with all parties and their attorneys being present in open court.

This memorandum opinion shall constitute the court's Findings of Fact and Conclusions of Law, and is filed after an examination and consideration of all of the pleadings, the stipulations of the parties, evidence, argument of counsel, and briefs submitted by the parties.

For many years, Mr. W. G. White had done business with Mr. Jim Norris of Lamesa, Texas and the insurance agency in that city owned and operated by Mr. Norris. In addition to this business arrangement, Mr. Norris and Mr. W. G. White visited on many occasions and Mr. Norris was entirely familiar with Mr. White's operations. Mr. White was a gin owner and operator and in connection therewith had approximately 106 cotton trailers which were used in his business. These cotton trailers were used to haul cotton from Mr. White's own farm to his gin, to haul cotton for others from various farms in the area to the gin location, and the trailers were pulled by vehicles owned by Mr. White, none of which were insured by the plaintiff or any of its associated companies in this suit, and on other occasions the trailers would be pulled by vehicles hired by Mr. White, and still on other occasions the trailers would be used by farmers and other third parties in bringing their cotton from their respective farms to the gin and the trailers would be loaned by Mr. White for these purposes.

This method of operation and all of its details were well known to Mr. Nor-

ris at all times material to this case. Among other insurance companies, Mr. Norris was the recording agent in Lamesa, Texas for the United States Fire Insurance Company and the other companies which were members of the Crum and Forster Group Insurance Companies, including The North River Insurance Company.

Prior to the issuance of the policy in question, Mr. Norris had issued on behalf of another company a policy to Mr. White covering his gin operations and affording him other protection, but this company had advised Mr. Norris sometime prior to October 15, 1972 that it would no longer issue or afford coverage on Mr. White's operations. Because Mr. White was not only a personal friend, but was one of his principal customers, Mr. Norris was most anxious to secure the proper coverage for Mr. White. In various discussions at this time and on previous occasions, Mr. W. G. White made known to Mr. Norris that he desired ample protection and in particular he wanted protection for himself on these cotton trailers as he was aware of the hazards involved, and both he and Mr. Norris knew of and discussed the manner in which the trailers were hauled and the various people who had been using these trailers. Mr. Norris knew that Mr. White desired the protection and what kind of protection he wanted and they were each fully aware of the desires and needs of Mr. Norris' customer with respect to this policy.

Mr. Norris was concerned as to the type of protection that should be issued and made a telephone call to Mr. Randy Clark, in Lubbock, Texas, before October 15, 1972, in which Mr. Norris advised Mr. Clark of the factual situation concerning Mr. White's ownership of the trailers, the manner in which the trailers were used, and all other needed and necessary details concerning Mr. White's desire for coverage. He inquired of Mr. Clark, after informing him of these facts, as to what type of policy or what form of policy shall be used by him in affording this protection to Mr. White.

Mr. Clark informed him that the general automobile liability policy, such as the one that was actually issued to Mr. White, was the proper form and policy to use and that it would afford him the necessary coverage. He also suggested that a general automobile liability policy be issued, and this was done as shown by policy No. GA–19–53–44, which is attached to the pre-trial order. However, this latter policy is no help to the defendants as it specifically excludes trailers and automobiles from any coverage.

After obtaining this information, the policies in question in this suit were issued by Mr. Norris and delivered to Mr. White who duly paid the premiums due thereon. At the time that Plaintiff's Exhibit # 1 was in force and effect from October 15, 1972 to October 15, 1973, Mr. W. G. White did not have any of his automobiles, pickups, or other vehicles insured with United States Fire Insurance Company or any of its associated companies and this fact was known to Mr. Norris who had issued such coverage to Mr. White with other companies and he made this fact also known to Mr. Clark.

Mr. Clark was the special agent for the issuer of the insurance policy in question, with his offices in Lubbock, Texas, and it was part of his duties as such special agent to advise with the local recording agents and with customers of the United States Fire Insurance Company as to the type of policy to be used to afford them the coverage desired.

On or about March 20, 1973, one of the trailers described in Plaintiff's Exhibit # 1, the policy in question, was used to carry a load of cotton from a farm owned by Mr. W. G. White to the gin near Seminole, Texas. The trailer on this occasion was being pulled by a pickup that had been hired by Mr. White, through his duly authorized agent, and while on the highway en route to the gin an axle on the trailer broke and it became disabled on the highway. The vehicle was owned by one Torres and same was not insured by the plaintiff in this case or any of its associated companies.

Neither was the driver, Mr. Gus Laabs, protected by any insurance issued by the plaintiff in this case or any of its associated companies. An attempt was made to use the pickup to get the trailer off the highway and the pickup was disengaged from the trailer and the pickup driven to the nearest town to seek the help of a tow truck. The pickup remained disconnected from the trailer and was not again connected thereto. Approximately two to four hours later the accident involved in this suit occurred. The services of the tow truck were secured. However, at the time of the occurrence in question, the tow truck was not hitched to the trailer in any way although the parties were in the process of hitching the truck to the trailer. Before this was accomplished, another vehicle crashed into the rear of the trailer which was still on the highway, resulting in death to one and serious injuries to the other occupants of the vehicle. At the scene of the accident were several employees of Mr. White, including his son, one of the defendants herein, Glenn White.

Plaintiff seeks a declaratory judgment in this case praying that the court declare that the policy known as Plaintiff's Exhibit #1 affords the insured or insureds no coverage or indemnity on liability growing out of the occurrence in question, further declaring that there is no duty on the part of the United States Fire Insurance Company to defend any claim or suit growing out of same. It is the position of the plaintiff insurance company that the exclusion above quoted in this policy relieves it of any obligations for this occurrence.

W. G. White, Glenn White, Gus Laabs, and George Torres have answered and have, by cross-complaint, prayed that the court declare that the policy known as Plaintiff's Exhibit #1 requires that the United States Fire Insurance Company afford these defendants a defense and in the event they are found liable that they be covered to the limits of the policy for the accident of March 20, 1973. In the alternative, these defendants have pled estoppel and waiver against the insurance company and further in the alternative the defendants pray that the court issue a declaratory judgment that the policy in question issued from a mutual mistake and that the same should be reformed to reflect the true intention of the parties and that the United States Fire Insurance Company be found to owe the insureds a defense and coverage for any liability to the limits of the policy which results from the accident of March 20, 1973.

The court is in agreement with the position of the defendants asking for this relief under their cross-complaint.

■ For the exclusion in question to apply and deny protection to Mr. White and others insured under the policy, the occurrence in question must have happened *"while* any trailer covered by this policy is used with any automobile owned or hired by the insurer and not covered by like insurance in the company."

It is not questioned that the pickup and the tow truck were hired by Mr. White, through his agents, and that neither of these vehicles was covered by the like insurance requirement. But, the court finds that on the occasion in question the trailer was not being *used* in connection with either of these vehicles. It had been two hours or more since it had been in any way connected to or trailed by the pickup driven by Mr. Laabs and on the occasion in question the tow truck was not even connected to the trailer. Although this court realizes that Texas follows what is known as the "complete operation doctrine," Red Ball Motor Freight, Inc. v. Employers Mutual Liability Insurance Company of Wisconsin, 189 F.2d 374 (5th Cir. 1951), it is not believed that the facts and circumstances in this case fall under such a "complete operation doctrine." Rather it appears to this court, and the court so holds, that at the time of the collision and occurrence in question in this suit that the circumstances and facts show that there was not a "use" of the trailer but rather that, in attempting to remove the disabled trailer from its position on the highway, the operation constituted

"maintenance" and therefore such "maintenance" is not within the exclusion of the policy. State Farm Mutual Automobile Insurance Company v. Pan American Insurance Company, 437 S.W. 2d 542 (Tex.Sup.Ct., 1969).

For the above reasons, judgment can be entered affording the insured-defendants the relief sought, but the court feels that there are other reasons for granting this relief.

Although under the existing rule in Texas waiver or estoppel *in pais* are not available to afford these defendants the relief, it is here held that the doctrine of promissory estoppel affords a ground for ordering relief against the plaintiff insurance company. Travelers Indemnity Company v. Holman, 330 F.2d 142 (5th Cir. 1964).

■ There is no question but that there was a promise (and if not express it was certainly implied) that there was coverage under the policy in question that would protect Mr. White and the other insureds from liability growing out of his use and operation of the trailers under circumstances similar to the occasion in question. This promise was made through the local recording agent of the plaintiff and by virtue of the authority that he received from the special agent of the company whose authority and duties fully authorized such action on his part and each of these parties was acting strictly within the line of his authority. The insurer well knew that such a promise would induce reliance by Mr. White and he in fact did rely by accepting the policies, paying the premiums thereon, and foregoing any opportunity to secure coverage from other companies. His reliance was of a definite and substantial nature.

■ Accordingly, this court will enter a decree denying any relief prayed for by the plaintiff, declaring that United States Fire Insurance Company under policy No. CAA–73–51–47 owes Mr W. G. White and other insureds under the policy a defense of this suit stemming from the accident of March 20, 1973, and in the event they are found liable that such insureds are covered by the liability insurance to the limits of the policy. Further, the court finds that the exclusion in question was placed in the policy by mistake and that it was a mistake on both the part of Mr. White and the agents of the United States Fire Insurance Company and that the policy will be reformed to reflect the true intentions of the parties—that is the omission of a portion of the exclusion from the policy.

As there exists in the subject matter before this court complete diversity of citizenship between the parties and the amount in controversy exceeds $10,000, this court finds it has jurisdiction under 28 U.S.C.A. § 1332.

The Clerk will furnish a copy hereof to each attorney.