AMERICAN NATIONAL INSURANCE
COMPANY, Appellant,

v.

Grace YBARRA, Appellee.

No. 14294.

Court of Appeals of Texas,
Austin.

April 17, 1985.

Thomas W. McQuage, Galveston, for appellant.

Terry Weldon, Roberts, Womack, Weldon & McClish, Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

The insurance carrier appeals from an adverse judgment in a bench trial for $10,000 for accidental "double indemnity" death benefit awarded to appellee. Appellee is the mother of the deceased, and the insurance company had previously paid the basic $10,000 death benefit when her son was killed after being thrown from his automobile. We will reverse the judgment of the trial court, and here render a take nothing judgment as to the double indemnity benefit.

On March 15, 1983, the deceased lost control of his car and left the roadway.

The car traveled approximately 187 yards along the ditch beside the road and then struck a tree. Between the time that the motor vehicle left the roadway and the time it struck the tree, the deceased was ejected from the vehicle. The deceased sustained his fatal injuries when he struck the ground.

The parties to this case stipulated to the above facts necessary to present to the trial court the following legal issue: Under the facts stipulated above, did Kenneth Ybarra sustain his fatal injury "while operating a motor vehicle."

The insurance policy contained a provision which limited the insurance carrier's liability in certain instances. The policy provided that injuries incurred while the insured was operating a motor vehicle and his blood alcohol content was more than .10%, would be excluded from the double indemnity accidental death provision of the policy. This exclusion of liability was invoked by the carrier, although appellee's entitlement to the basic coverage was paid. Appellant's first point of error is that appellee is not entitled to the double indemnity benefits under this exclusion because the stipulated evidence conclusively established that the insured died "while operating a motor vehicle." Furthermore, the insured had a blood alcohol level greater than .10%. Appellant's second point of error is that the trial court's finding, that the insured did not die "while operating a motor vehicle," was against the great weight and preponderance of the evidence. We agree.

Appellee points out that insurance contracts are frequently subject to rules of construction different than those of other contracts. Appellee argues further that insurance contracts are typically printed forms, composed wholly by the insurer and offered to the insured with no opportunity to negotiate terms or conditions of coverage. *Insurance Company of North America v. Cash*, 475 S.W.2d 912 (Tex. 1971). Appellee continues her argument by alleging that the court, in the process of insurance policy interpretation, should seek to determine whether the disputed terms in the policy have a readily ascertainable meaning in the plain, ordinary and popular sense of the words themselves. *Ramsay v. Maryland American General Ins. Co.*, 533 S.W.2d 344 (Tex.1976). If the terms of the policy have a readily ascertainable meaning, and the court determines that such terms can reasonably be given one of several constructions, appellee urges that the policy is ambiguous. *Glover v. National Insurance Underwriters*, 545 S.W.2d 755 (Tex.1977). Finally, appellee urges that the Texas Supreme Court has repeatedly held that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. *Providence Washington Insurance Co. v. Proffitt*, 150 Tex. 207, 239 S.W.2d 379 (1951); *Blaylock v. American Guarantee Bank Liability Ins. Co.*, 632 S.W.2d 719 (Tex.1982). With this argument and these authorities, we have no quarrel.

■ By giving the terms contained within the exclusionary provision their plain, ordinary and popularly accepted meaning, we are compelled to accept a singular construction of the policy. Based on the facts stipulated by the parties, and the clear language of the policy, we conclude that appellee should have been denied recovery on the double indemnity coverage. We are required to adopt the construction of an insurance policy exclusionary clause urged by the insured as long as that construction is not itself unreasonable. *Glover, supra.* Appellee would have us hold that the insured could not have received fatal injuries during the time that he was "operating" his vehicle if he is "wholly outside the vehicle." Thus, we would have to conclude that the insured's actual "operation" of his car ceased the instant that he was ejected from his automobile. We reject such an illogical interpretation of the policy.

■ Appellant correctly states that contracts of insurance are governed by the same rules as are other contracts, absent a showing of some intention to the contrary. The terms thereof are to be given their ordinary and generally accepted meaning.

In *State Farm Mutual Auto Ins. Co. v. Pan American Ins. Co.*, 437 S.W.2d 542, 544 (Tex.1969), the court held that the language used in insurance policies "must be construed according to the evident intention of the parties to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto." Only when the words in a contract of insurance are susceptible to two constructions will the one most favorable to the insured be adopted. *Id.*

 In *Republic Insurance Co. v. Haverlah*, 565 S.W.2d 587 (Tex.Civ.App.1978, no writ), this Court analyzed authorities in connection with the interpretation of the term "operated by a licensed pilot" under a policy covering damage to an aircraft. We observed that the narrow construction of the word "operate," *i.e.*, in the sense of actual mechanical movement of an automobile, is not favored by a majority of the courts. *Id.* The absence of the insured from the driver's seat does not preclude a finding that the insured was "operating" the vehicle. *Id.* Likewise, the term "operating" does not contemplate a constant and unceasing motion, but includes such stops as the driver ordinarily makes in the course of operating the car. *Id.*

The term "while operating" a car, has been held to include an injury to a driver of an automobile when he had stopped the car, cut off the motor, opened the door, and in the process of stepping out, he injured his ankle on an object on the ground. *Southern Surety Co. v. Davidson*, 280 S.W. 336 (Tex.Civ.App.1926, no writ). Additionally, *First Continental Life & Accident Ins. Co. v. Hankins*, 480 S.W.2d 244, 248 (Tex.Civ.App.1972, writ ref'd n.r.e.) can be cited for the proposition that "one is insured under a provision providing coverage for injuries sustained 'while driving or riding in or on an automobile' if he is entering, sitting in, alighting or standing on the back of a vehicle, which may or may not be moving, and his injuries are incurred at the time or as a result of his being in that position."

Applying the plain, ordinary meaning of the policy language, we conclude that at the time of the insured's fatal accident he was "operating a motor vehicle" as that term was used in the double indemnity provision of the policy. Since all parties stipulated that at that time the "insured's blood alcohol was greater than .10% by weight," we hold that appellee may not recover on the double indemnity accident provision contained in the insurance policy.

The judgment of the trial court is reversed, and judgment is rendered that appellee Grace Ybarra take nothing by this suit under the "double indemnity" provisions of this policy.