HAWKINS, Chief Justice,
for the Court:
Gary Gray has appealed a summary judgment entered in favor of his carrier Allstate Insurance Company and Mrs. Robert Blackmon in the circuit court of Ita-wamba County; Allstate and Mrs. Black-mon have likewise appealed the order of the court overruling their motions for summary judgments on the ground that Mrs. Blackmon was not negligent. The circuit judge ruled that the uninsured motorist provision of Gray’s policy did not cover the *920 accident in which he was injured. Finding this error, we reverse. We find no error in his denial of the motion for summary judgment on the ground that there was no factual issue on Mrs. Blackmon’s negligence, and affirm the cross-appeal.
FACTS
On December 13, 1988, in Fulton, Gary Gray changed a flat tire on the vehicle owned by Mrs. Robert Blackmon. Gray used the jack from Mrs. Blackmon’s vehicle, but it did not have a handle and Gray borrowed a handle from a service station. Whether or not Blackmon requested assistance from Gray was not determined. While changing the tire, the jack gave way and as a result the automobile fell, and knocked Gray backwards, causing injury to his ankle. The medical bills for treatment of this injury totaled $6,000.00.
On July 17, 1989, Gray filed a complaint against Allstate, his insurance carrier, alleging that his policy contained an uninsured motorist provision in the amount of $25,000.00. The pertinent provision of that policy reads:
PART V-UNINSURED MOTORISTS INSURANCE COVERAGE SS
We will pay those damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of:
1. bodily injury sustained by an insured person, and ...
The bodily injury or property damage must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto. We will not pay any punitive or exemplary damages. This coverage does not apply to the first $200.00 of the total amount of all property damage as the result of any one accident. (Emphasis added)
The right to benefits and the amount payable will be decided by agreement between the insured person and Allstate. If an agreement can’t be reached, the decision may be made by arbitration.
If an injured person sues the owner or operator of the uninsured auto without our written consent, we aren’t bound by any resulting judgment.
Nowhere in said policy are the terms “operation, maintenance or use” defined.
The complaint further alleged that Mrs. Robert Blackmon was an uninsured motorist and that her negligence, being the sole and proximate cause of his injury, entitled him to recover under the uninsured motorist provision within his policy.
Motions for summary judgment were filed by Allstate and Mrs. Blackmon. Depositions of Gray, Mrs. Blackmon, Jimmy Barnett and Charles Blaylock, along with affidavits of Leroy Spencer, Jimmy Barnett and Charles Blaylock were submitted for the court’s consideration. After reviewing them, the circuit court entered the following order:
[T]he Motion for Summary Judgment on the grounds that the third party defendant, Mrs. Robert Blackmon was not negligent as a matter of law, is denied;
[T]he Motion for Summary Judgment is granted on the grounds that any injury sustained did not arise out of the operation, use or maintenance of a motor vehicle, and therefore under the policy of insurance and the laws of the State of Mississippi, plaintiff is not entitled to any uninsured motorist benefits, is granted;
[T]he third party complaint asserting a derivative claim against the third party defendant, Mrs. Robert Blackmon, is hereby dismissed as moot;
Gray, Allstate and Mrs. Blackmon have all appealed.
LAW
Our de novo standard of review of summary judgments is well settled. Lyle v. Mladinich, 584 So.2d 397 (Miss.1991); Short v. Columbus Rubber & Gasket Co., Inc., 535 So.2d 61 (Miss.1988); Brown v. Credit Center, Inc., 444 So.2d 358 (Miss.1983).
Addressing first Mrs. Blackmon’s alleged negligence, the facts surrounding the condition of the jack and her knowledge thereasto were not sufficiently developed to entitle either her or Allstate to a summary judgment based on the failure to *921 show any negligence on her part. The court committed no error in overruling either her or Allstate’s motion for summary judgment on this ground.
Allstate’s liability under the uninsured motorist provision of its policy is governed by the following statute.
No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended. (Emphasis added)
Miss.Code Ann. § 83-11-101 (1972)
Miss.Code Ann. § 83-ll-103(a), (b) and (c)(i) (1972) provide in pertinent part:
(a) The term “bodily injury” shall include death resulting from such injury.
(b) The term “insured” shall mean the named insured ...
(c) The term “uninsured motor vehicle” shall mean:
(i) A motor vehicle as to which there is no bodily injury liability insurance ...
The uninsured motorist chapter in no place restricts recovery for injury received from an uninsured vehicle to an injury arising from the “ownership, maintenance, or use of an uninsured auto,” but the chapter does make reference to the Mississippi Motor Vehicle Safety Responsibility Law, and Miss.Code Ann. § 63 — 15—3(j) thereunder defines accidents as those “arising out of the ownership, maintenance, or use of a motor vehicle.” Although it could be argued that the language of the policy is ineffective because it restricts coverage beneath the statutory coverage, since we reach the same result and hold the accident did arise under the language of the policy, we need not address this question.
Clearly, changing a tire is an act of maintenance, and Gray was therefore covered under his policy. American Home Assur. Co. v. Hartford Ins. Co., 190 N.J.Super. 477, 464 A.2d 1128 (N.J.Super.1983); Williams v. Nationwide Ins. Co., 269 N.C. 235, 152 S.E.2d 102 (N.C.1967); Morris v. American Liability & Sur. Co., 322 Pa. 91, 185 A. 201 (1936).
REVERSED AND REMANDED ON DIRECT APPEAL AS TO SUMMARY JUDGMENT IN FAVOR OF ALLSTATE; AFFIRMED ON CROSS-APPEAL ON DENIAL OF SUMMARY JUDGMENT AS TO MRS. BLACKMON’S NEGLIGENCE.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.